UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>                    Plaintiff,<br><br>          -against-<br><br>NEW YORK POLICE DEPARTMENT, 41ST PRECINCT; OFFICER WHITE; OFFICER JANE DOE; OFFICER JOHN DOE; OFFICER JOHNSON; CRIMINAL COURT OF THE CITY OF NEW YORK BRONX COUNTY; SUPREME COURT OF THE STATE OF NEW YORK; BRONX HALL OF JUSTICE; STATE OF NEW YORK; NYPD 47TH PRECINCT INTERNAL AFFAIRS DIVISION; NEW YORK STATE INSPECTOR GENERALS OFFICE; ISHONDA DARSWELL; ALLISON RIESEL, ADA CIVIL COMPLAINT REVIEW BOARD; BRONX DISTRICT ATTORNY OFFICE; BRONX COUNTY BAR ASSOCIATION; SCOTT M. STRINGER, NEW YORK CIVIL COMPTROLLER; INVESTIGATOR KENNETH MELTON; CHARLES OSTELLO, NEW YORK CITY COMPTROLLER; BRONX COUNTY CENTRAL BOOKING,<br><br>                    Defendants. | 20-CV-1368 (CM)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1651 |

COLLEEN McMAHON, Chief United States District Judge:

On November 5, 2019, the Honorable Gregory H. Woods of this Court dismissed a previous action filed by Plaintiff as frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary relief against Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See Johnson v. O'Hagan Wolfe*, ECF 1:19-CV-7337, 5 (S.D.N.Y. July 10, 2020). The Court also noted that Plaintiff had filed numerous other cases here and in other federal district courts arising out of a January 28, 2017 car accident in Buffalo, New York, and ordered Plaintiff to show cause within thirty days why he should not be

barred as of November 5, 2019, from filing further actions *in forma pauperis* (IFP) in this Court without prior permission.

Plaintiff did not file a declaration as directed, but instead, on November 13, 2019, he filed a notice of appeal.[1] By Mandate dated July 9, 2020, the United States Court of Appeals for the Second Circuit denied Plaintiff's appeal and warned Plaintiff that "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of both a monetary sanction and a sanction that would require [Plaintiff] to obtain permission from this Court prior to filing any further submission in this Court (a 'leave-to-file' sanction)." *Johnson v. O'Hagan Wolfe*, No. 19-3981 (2d Cir. July 9, 2020).

Because Plaintiff had not filed a declaration to assert arguments against imposing the bar order, on July 10, 2020, Judge Woods barred Plaintiff, as of November 5, 2019, from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Johnson*, ECF 1:19-CV-7337, 8.

On February 14, 2020, Plaintiff filed this *pro se* case, seeking IFP status, but without seeking leave from the Court. This action is therefore dismissed without prejudice for Plaintiff's failure to comply with the July 10, 2020 order. *Id.*

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[1] A review of the Public Access to Court Electronic Records (PACER) system reveals that since November 5, 2019, Plaintiff has continued to file actions in other federal district courts and in this Court, and he has filed numerous appeals, including 13 appeals filed in the United States Court of Appeals for the Second Circuit.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:　August 13, 2020
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　COLLEEN McMAHON
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge